**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) M GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-00347-SH |
| | ) | |
| (1) VESTA HOLDINGS LLC, | ) | |
| (2) VESTA CAPITAL LLC, | ) | |
| (3) MARC KULICK, | ) | |
| (4) LOUIS INVESTMENTS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, M Group LLC ("**M Group**" or "**Lender**"), for its Complaint against defendants Vesta Holdings LLC ("**Vesta**"), Marc Kulick ("**Kulick**," and together with Vesta, "**Borrower**"), Louis Investments LLC ("**Louis Investments**"), and Vesta Capital LLC ("**Vesta Capital**") (collectively, "**Defendants**," and together with Plaintiff, the "**Parties**") alleges and states as follows:

**NATURE OF THE ACTION**

1.      This Action arises from Borrower's refusal to honor its repayment obligations after receiving the benefit of substantial financing from M Group. The dispute is straightforward: M Group extended credit to Borrower in the amount of up to $750,000.00 (the "**Loan**") pursuant to the parties' written agreements, which included a Loan Agreement, dated November 27, 2024 (the "**Loan Agreement**"), Promissory Note, dated November 27, 2024 (the "**Note**"), and a Pledge Agreement, dated November 27, 2024 (the "**Pledge Agreement**," and together with the Loan Agreement and Note, the "**Loan Documents**"). Borrower accepted the benefit of this financing and failed to repay the amounts due to M Group.

2.      Borrower's failure to pay is not a technical or manufactured default. It is a direct failure to perform the central obligation underlying the Loan Documents. Borrower agreed to repay the amounts advanced by M Group, together with interest and other amounts due, and M Group bargained for specific rights and remedies in the event Borrower failed to do so.

3.      Despite due demand, Borrower has failed and refused to cure its default or repay the outstanding indebtedness in the current amount of $1,001,829.45 (the "**Outstanding Loan Amount**"). M Group therefore brings this Action to enforce the Loan Documents, recover the amounts owed, and exercise its rights and remedies arising from Borrower's default, including its rights under the Pledge Agreement with respect to the Pledged Interests[1] and related collateral.

## PARTIES

4.      Plaintiff M Group LLC is a Michigan limited liability company with an address at 370 East Maple, Suite 200, Birmingham, Michigan 48009, is the Lender under the Loan, and is a citizen of Michigan and Colorado by virtue of its members being citizens of Michigan and Colorado.

5.      Defendant Marc Kulick is an individual with an address at 6911 S. 66th E. Avenue, Suite 100, Tulsa, Oklahoma 74133, is a Borrower under the Loan, and is a citizen of the State of Oklahoma.

6.      Defendant Vesta Holdings LLC is an Oklahoma limited liability company authorized to do business in the State of Oklahoma and may be served c/o Vesta Realty, LLC 6911 S. 66th E. Avenue, Suite 100, Tulsa, Oklahoma 74133, and is a Borrower under the Loan. Upon information and belief, Marc Kulick is the sole member of Vesta Holdings LLC. Thus, Vesta Holdings LLC is a citizen of the State of Oklahoma.

---

[1] "Pledged Interests" is defined below and used herein with that meaning.

7.     Defendant Louis Investments LLC is a Kansas limited liability company authorized to do business in the State of Oklahoma and may be served c/o Vesta Realty, LLC, 14681 S. 82nd E. Avenue, Bixby, OK 74008, and is a Pledgor under the Pledge Agreement. Upon information and belief, Marc Kulick is the sole member of Louis Investments LLC. Thus, Louis Investments is a citizen of the State of Oklahoma.

8.     Defendant Vesta Capital LLC is a Kansas limited liability company authorized to do business in the State of Oklahoma and may be served c/o Vesta Realty, LLC, 14681 S. 82nd E. Avenue, Bixby, OK 74008, and is a Pledgor under the Pledge Agreement. Upon information and belief, Marc Kulick is the sole member of Vesta Capital LLC. Thus, Vesta Capital LLC is a citizen of the State of Oklahoma.

9.     Defendant Kulick is named as a direct party herein because he is a Borrower under the Loan Agreement and also pledged collateral to secure Borrower's obligations under the Loan Documents. Defendants Louis Investments LLC and Vesta Capital LLC are named as direct parties herein because they pledged collateral to secure Borrower's obligations under the Loan Documents.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     This Court has personal jurisdiction over Defendants because Defendants are located in, regularly conduct business within the jurisdictional boundaries of this District, including but not limited to Tulsa, Oklahoma, and have purposely availed themselves of the laws

of the State of Oklahoma, and/or maintain substantial minimum contacts with Oklahoma, and this Action arises out of Defendants' obligations under the Loan Documents.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, transactions, and omissions giving rise to M Group's claims occurred in this District, including Borrower's default under the Loan Documents, Defendants' contacts with Oklahoma, and the fact that the properties and pledged interests at issue under the Pledge Agreement are situated in or relate to the jurisdictional boundaries of this District.

## FACTUAL STATEMENT

**A.    The Loan Documents and Borrower's Core Repayment Obligations**

**i.    The Loan Agreement, Note, and Borrower's Core Repayment Obligations**

13. On or about November 27, 2024, M Group extended a line of credit to Borrower in the principal amount of up to $750,000.00 pursuant to the Loan Agreement.

14. In connection with the Loan Agreement, Borrower executed the Note in favor of M Group.

15. The Loan was secured by the Pledge Agreement, executed by Louis Investments, Vesta Capital, and Kulick in favor of M Group.

16. Under the Loan Agreement and the Note, Borrower agreed to repay the amounts advanced by M Group, together with interest and all other amounts due.

17. Section 3 of the Loan Agreement provides that "[t]he Loan shall mature on the earlier of (a) April 27, 2025, and (b) the acceleration of the Loan by Lender after a default by Borrower."

18.     Accordingly, Section 4(d) of the Loan Agreement provides that Borrower was required to repay the amounts due under the Loan Documents by no later than April 27, 2025 (the "**Maturity Date**").

19.     Moreover, Section 4(a) of the Loan Agreement provides that, "[o]n the first (1st) day of each month during the term hereof, Borrower shall pay to Lender a monthly payment of interest only on the outstanding principal balance of the Loan."

20.     Thus, Borrower was obligated to make monthly interest payments to M Group during the Loan's term and repay amounts due under the Loan Documents by the Maturity Date.

21.     Section 4(b) of the Loan Agreement also required Borrower to make additional payments upon the "closing of any sale or refinance of a real estate investment owned by Borrower or any of its affiliates."

22.     Section 4(c) of the Loan Agreement further required Borrower to make additional payments upon the "receipt of mortgage lender disbursements in excess of $250,000.00."

### ii.     M Group's Rights Under the Pledge Agreement

23.     The Pledge Agreement secures Borrower's obligations under the Loan Documents.

24.     Under the Pledge Agreement, as security for the Note, Louis Investments, Vesta Capital, and Kulick pledged certain membership interests in twelve (12) entities and related rights as collateral securing Borrower's obligations to M Group (the "**Pledged Interests**").

25.     The Pledged Interests include, *inter alia*: (a) a 25% membership interest in Seminole Ridge Sponsor, LLC; (b) a 3.7152% membership interest in Seminole Ridge Apartments Holdings, LLC; (c) a 46.25% membership interest in Drexel Flats Sponsor LLC; (d) a 6.25% membership interest in Drexel Flats Holdings LLC; (e) a 30.855% membership interest in Waldon Lakes Sponsor LLC; (f) a 2.9823% membership interest in Waldon Lakes Holdings LLC; (g) a

20% membership interest in Eaton Place Investor, LLC; (h) an additional membership interest in Eaton Place Investor, LLC; (i) a 25% membership interest in LS Apartments Sponsor, LLC; (j) a membership interest in LS Apartments Holdings, LLC; (k) a 25% membership interest in Tuscany Village Sponsor, LLC; and (l) a 1.55902% membership interest in Tuscany Village Holdings, LLC.

26. Section 1 of the Pledge Agreement provides that Louis Investments, Vesta Capital, and Kulick pledged and granted M Group a first-priority security interest in the Pledged Interests, together with all profits, cash, property distributions, returns of capital, payments, dividends, rights, privileges, and benefits related thereto.

27. Section 1 further provides that M Group's security interest includes all proceeds and products of the foregoing, including accounts, instruments, other rights to payment, deposit accounts, money, general intangibles, and any later-acquired interests in the pledged companies.

28. Section 5(a) of the Pledge Agreement provides that Borrower shall be in default under the Pledge Agreement in the event of "an Event of Default under either (i) that certain Loan Agreement between Pledgor and the Secured Party or (ii) any other loan document evidencing or securing the Loan, including any guaranty."

29. Borrower's failure to make required monthly interest payments, failure to repay the Loan by the Maturity Date, and failure to comply with its additional payment obligations under the Loan Documents constitute defaults under the Loan Documents and therefore constitute an Event of Default under the Pledge Agreement.

30. Section 6(a) of the Pledge Agreement provides that, upon an Event of Default, M Group may enforce its security interest in the Pledged Interests by retaining the Pledged Interests in satisfaction of the indebtedness, by public or private sale of all or any part of the Pledged Interests, or by exercising any other remedy provided by law.

31.    Additionally, Section 6(c) of the Pledge Agreement provides that, upon an Event of Default, M Group has the right to vote the Pledged Interests and exercise all other rights, privileges, and options appurtenant thereto as if it were the absolute owner thereof.

32.    Section 6(d) of the Pledge Agreement requires all distributions relating to the Pledged Interests to be immediately paid over to M Group and held as additional security upon an Event of Default.

33.    Section 9 of the Pledge Agreement requires Louis Investments, Vesta Capital, and Kulick to reimburse M Group for actual out-of-pocket costs and expenses, including reasonable attorneys' fees and disbursements, incurred by M Group in enforcing its rights under the Pledge Agreement.

**B.    Borrower's Unequivocal Default Under the Loan Documents**

34.    M Group performed all of its obligations under the Loan Documents by extending financing to Borrower in accordance with the Loan Agreement and Note.

35.    Borrower accepted the benefit of M Group's financing and became obligated to repay the amounts advanced, together with interest and all other amounts due under the Loan Documents.

36.    Pursuant to Section 4(a) of the Loan Agreement, Borrower was required to make monthly interest-only payments to M Group on the first (1st) day of each month during the term of the Loan, calculated on the outstanding principal balance of the Loan.

37.    Borrower failed to make the required monthly interest payments due under Section 4(a) of the Loan Agreement.

38.    Pursuant to Section 3 of the Loan Agreement, the Loan matured on April 27, 2025, and under Section 4(d) of the Loan Agreement, Borrower was required to repay the principal

amount of the Loan, together with all accrued interest and other amounts due, on or before the Maturity Date.

39. Borrower failed to repay the Loan by the Maturity Date, including the outstanding principal balance of $750,000.00, accrued interest, late charges, default interest, and other amounts due under the Loan Documents.

40. Borrower also failed to comply with its additional payment obligations under Sections 4(b) and 4(c) of the Loan Agreement, including, *inter alia*, by failing to make required payments upon the closing of a sale or refinance of a real estate investment owned by Borrower or its affiliates, or upon the receipt of mortgage lender disbursements in excess of $250,000.00.

41. Borrower's failure to make required monthly interest payments under the Loan, failure to repay the Loan by the Maturity Date, and failure to comply with its additional payment obligations under Sections 4(b) and 4(c) of the Loan Agreement constitute <u>unequivocal defaults</u> under the express terms of the Loan Documents.

42. Borrower has not repaid the amounts due under the Loan Documents, has not cured its defaults, and remains in default.

43. Borrower has failed to cure its default under the Loan Documents, and the Event of Default remains ongoing pursuant to Section 5(a) of the Pledge Agreement.

44. Borrower repeatedly represented that payments would be made under the Loan Agreement and Note, but no such payments were made.

45. As a result of Borrower's default, M Group is entitled to recover: (i) the unpaid principal balance and accrued interest due under the Loan Agreement and Note; (ii) accrued late charges and default interest pursuant to Section 6 of the Loan Agreement; (iii) court costs, collection costs, and reasonable attorneys' fees pursuant to Section 9(b) of the Loan Agreement

and the attorneys' fees provision in the Note; and (iv) its rights and remedies under the Pledge Agreement, including enforcement of its security interest in the Pledged Interests and recovery of actual out-of-pocket costs, expenses, reasonable attorneys' fees, and disbursements pursuant to Section 9 of the Pledge Agreement.

**C.    M Group's Demand Notice and Borrower's Continued Failure to Pay**

46.    By letter dated April 14, 2026, M Group, through counsel, issued a demand notice to Borrower concerning its default under the Loan Documents (the "**Demand Notice**").[2]

47.    The Demand Notice notified Borrower that it had defaulted under its express obligations under the Loan Documents by, *inter alia*, failing to repay M Group the loan amount of $750,000.00, plus interest and late charges.

48.    The Demand Notice further advised Borrower that the Outstanding Loan Amount of $1,001,829.45 remained due and owing through the date of the Demand Notice.

49.    The Demand Notice also notified Borrower that, pursuant to Section 3 of the Loan Agreement, Borrower was required to repay M Group the Outstanding Loan Amount by no later than the Maturity Date.

50.    The Demand Notice further notified Borrower that, pursuant to Section 4(a) of the Loan Agreement, Borrower was required to make monthly interest-only payments on the outstanding balance of the Loan.

51.    The Demand Notice advised Borrower that its conduct constituted an <u>unequivocal</u> <u>default</u> under the express terms of the Loan Documents, entitling M Group to immediate

---

[2] Section 9(c) of the Loan Agreement requires that all notices, requests, consents, approvals, demands, terminations, and other communications required or permitted under the Loan Agreement be in writing and may be delivered by email. The Demand Notice was sent by electronic mail to Vesta Holdings LLC at legalnotices@vestarealproperty.com.

repayment of the Outstanding Loan Amount, including the principal balance of $750,000.00, plus accrued late charges and default interest pursuant to Section 6 of the Loan Agreement.

52.    The Demand Notice further notified Borrower that, in addition to the remedies set forth in the Loan Agreement and Note, M Group was entitled to enforce its rights under the Pledge Agreement, including with respect to the Pledged Interests.

53.    The Demand Notice gave Borrower fourteen (14) days to repay the Outstanding Loan Amount and explained that, after that period, M Group would enforce its rights under the Loan Documents, including seeking repayment of the Outstanding Loan Amount, disposition of the Pledged Interests, continuing interest at the default rate, and attorneys' fees.

54.    Despite due demand, Borrower has refused to cure its ongoing default under the Loan Documents.

## COUNT ONE
### (Breach of Contract)

55.    M Group repeats and realleges each of the foregoing paragraphs of the Complaint as if fully set forth herein.

56.    The Loan Agreement and Note are valid and enforceable contracts between M Group and Borrower.

57.    M Group performed its obligations under the Loan Agreement and Note by extending financing to Borrower in accordance with the Loan Documents.

58.    Borrower accepted the benefit of M Group's financing and agreed to repay the amounts advanced, together with interest and all other amounts due under the Loan Documents.

59.    Borrower materially breached the Loan Agreement and Note by, *inter alia,* failing to make required monthly interest payments, failing to repay the Loan by the Maturity Date, failing

to comply with its additional payment obligations, and failing to repay the Outstanding Loan Amount despite due demand.

60.     Borrower's breaches are not technical or immaterial. They go to the central purpose of the Loan Agreement and Note, namely Borrower's obligation to repay the financing extended by M Group, together with interest and all other amounts due.

61.     As a result of Borrower's breaches and continuing default, M Group has been deprived of the repayment it is contractually owed under the Loan Documents.

62.     Despite due demand, Borrower has failed and refused to cure its defaults and remains in default under the Loan Documents.

63.     M Group is entitled to recover the unpaid principal balance, accrued interest, late charges, default interest, attorneys' fees, costs, expenses, and all other amounts due under the Loan Documents.

64.     As of April 14, 2026, the Outstanding Loan Amount totaled $1,001,829.45, exclusive of continuing default interest, attorneys' fees, costs, expenses, and other amounts continuing to accrue under the Loan Documents.

65.     By reason of the foregoing, M Group is entitled to judgment against Borrower for breach of contract in an amount to be determined at trial, but in no event less than the Outstanding Loan Amount, together with continuing default interest, late charges, attorneys' fees, costs, expenses, and such other and further relief as this Court deems just and proper.

**COUNT TWO**
**(Enforcement and Foreclosure of Security Interest)**

66.     M Group repeats and realleges each of the foregoing paragraphs of the Complaint as if fully set forth herein.

67. The Pledge Agreement constitutes a valid and enforceable security agreement executed by Louis Investments, Vesta Capital, and Kulick in favor of M Group to secure Borrower's obligations under the Loan Documents.

68. Pursuant to the Pledge Agreement, Louis Investments, Vesta Capital, and Kulick granted M Group a first-priority security interest in the Pledged Interests and related collateral, including the rights, distributions, proceeds, and other benefits arising from or relating to the Pledged Interests.

69. M Group provided value by extending the Loan, and Louis Investments, Vesta Capital, and Kulick had rights in the Pledged Interests and related collateral at the time the security interest was granted.

70. Nothing in the negotiated terms of the Pledge Agreement limits M Group's right, as between the parties, to enforce the security interest granted therein against Louis Investments, Vesta Capital, and Kulick upon an Event of Default.

71. Borrower's failure to make required monthly interest payments, failure to repay the Loan by the Maturity Date, and failure to comply with its additional payment obligations under the Loan Agreement constitute defaults under the Loan Documents.

72. Under Section 5(a) of the Pledge Agreement, Borrower's default under the Loan Documents constitutes an Event of Default under the Pledge Agreement.

73. The Event of Default under the Pledge Agreement remains ongoing because Borrower has failed and refused to cure its defaults or repay the Outstanding Loan Amount.

74. As a result, M Group is entitled to enforce and foreclose its security interest in the Pledged Interests and related collateral, including through a commercially reasonable sale or disposition, retention of collateral to the extent permitted by the Pledge Agreement, receipt of

distributions, exercise of voting rights, and any other remedy available under the Pledge Agreement or applicable law.

75.     M Group is also entitled to recover its actual out-of-pocket enforcement costs, including reasonable attorneys' fees and disbursements, pursuant to Section 9 of the Pledge Agreement.

76.     By reason of the foregoing, M Group is entitled to judgment enforcing and foreclosing its security interest in the Pledged Interests and related collateral, authorizing a commercially reasonable sale or disposition of such collateral, awarding enforcement costs and reasonable attorneys' fees, and granting such other and further relief as this Court deems just and proper.

**[Remainder of Page Left Intentionally Blank]**

## PRAYER FOR RELIEF

**WHEREFORE**, M Group LLC demands judgment against Defendants as follows:

77.     On the First Count, awarding judgment in favor of M Group and against Vesta Holdings LLC and Marc Kulick for breach of the Loan Agreement and Note in an amount no less than the Outstanding Loan Amount of $1,001,829.45, together with continuing interest, default interest, late charges, costs, expenses, attorneys' fees, and all other amounts due under the Loan Documents.

78.     On the Second Count, awarding judgment in favor of M Group and against Louis Investments, Vesta Capital, and Kulick, enforcing and foreclosing M Group's security interest in the Pledged Interests and related collateral under the Pledge Agreement, including, without limitation, authorization to dispose of the Pledged Interests in a commercially reasonable manner and to exercise all rights and remedies available under the Pledge Agreement and applicable law.

79.     Awarding M Group pre-judgment and post-judgment interest, all costs, expenses, disbursements, and reasonable attorneys' fees incurred in connection with this Action and enforcement of the Loan Documents, together with such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/Ryan L. Dean*
Thomas A. Paruolo, OBA #18442
Ryan L. Dean, OBA #21152
DEWITT PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600 │F: (405) 705-2573
tom@46legal.com
rdean@46legal.com
*Attorneys for Plaintiff*

14